# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 648 | **DATE** | 6/26/2001 |
| **CASE TITLE** | Judith Howard vs. Sweetheart Cup Company | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. For the reasons, the Court denies plaintiff's motion for contempt (15-1), as well as her request for entry of a default judgment and her request for an order precluding Sweetheart from arguing that Williams was hired before March 1, 1999. The Court grants, however, plaintiff's motion for sanctions (15-2). Defendant's counsel is directed to pay $750.00 to plaintiff, a sum which the Court finds is the reasonable cost of any extra attorney time occasioned by the improper objections to the discovery requests, the belated disclosure, and the need to bring the matter to the Court's attention. The Court defers for later determination plaintiff's request that she be permitted to introduce before the jury the timing and circumstances of Sweetheart's production of Williams' personnel file.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | JUN 27 2001 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | CM | 30 |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | ED-7 FILED FOR DOCKETING | | | |
| JD | courtroom deputy's initials | | 01 JUN 26 PM 5:54 | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

DOCKETED

JUN 2 7 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDITH HOWARD,    )
                  )
        Plaintiff, )
                  )
vs.               )    Case No. 00 C 648
                  )
SWEETHEART CUP CO., )
                  )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Judith Howard was employed by defendant Sweetheart Cup Co. in its warehouse for 27 years, through March 9, 1999, when she was terminated ostensibly because her position was eliminated due to the installation of a new automated system. She was offered what the company claimed were the only open positions (forklift driving jobs), but she has a medical condition that precluded her from accepting them. Howard claims that there was another position for which she was qualified (office clerk) but that this position was instead given to Darryl Williams, a younger male temporary employee. Williams was hired on March 1, 1999, a week before Howard was terminated; she claims Sweetheart made the decision to terminate her before March 1 but did not offer her the office clerk position. Howard claims age and sex discrimination.

In March 2000, Howard served a request for production of documents to which Sweetheart responded in August 2000. The pertinent requests and responses were as follows:

15.    All documents relating to Darryl Williams as a temporary

employee, including but not limited to all contracts for his temporary services, the terms and conditions of his temporary employment with Defendant, his job duties and responsibilities as a temporary employee, the decision to make Darryl Williams a full-time employee of defendant, and/or his hiring as a full-time employee of Defendant.

Response:

Sweetheart objects to Request 15 on the grounds that it is vague, ambiguous, over broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sweetheart further objects to the extent this Request purports to request documents which contain private personnel information concerning non-parties, including documents which may be protected from disclosure by the Illinois Personnel Record Review Act, 820 ILCS § 40/0.01, *et seq.*

Subject to and without waiving the foregoing objections, Sweetheart directs plaintiff to the Chicago Facility Hourly Job Descriptions (document nos. SWH0218-308) and its response to Request 13.[1] *Upon entry of a suitable protective order, Sweetheart will produce other non-privileged responsive documents at a mutually convenient time and place.*

16. All documents relating to Darryl Williams as a full-time employee of Defendant, (excluding documents relating to medical files) including but not limited to his complete personnel file, the terms and conditions of his employment, his job duties and responsibilities and all job titles and grade levels held while employed by Defendant.

Response:

Sweetheart objects to Request 16 on the grounds that it is over broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sweetheart further objects to the extent this Request purports to request documents which contain private personnel information concerning non-parties, including documents which may be protected from disclosure by the Illinois Personnel Record Review Act, 820 ILCS § 40/0.01, *et seq.*

---

[1] The response to Request 13 identified an agreement with a temporary services agency.

> Subject to and without waiving the foregoing objections,
> Sweetheart directs plaintiff to its responses to Request 9 and 12.[2]
> *Upon entry of a suitable protective order, Sweetheart will produce*
> *other non-privileged responsive documents at a mutually*
> *convenient time and place.*

Plaintiff's Motion, Ex. B, pp. 11-12 (emphasis added). In mid-August 2000, the Court entered a

protective order permitting Sweetheart to designate as "confidential" any personnel-related

records. On September 10, Sweetheart's counsel sent Howard's counsel a letter enclosing

documents, stating that "[p]ursuant to the Protective Order entered in this case, I enclose

additional documents from the personnel files of Jack Osmolski and Darryl Williams, numbered

SWH0850-0864 and stamped "Confidential" pursuant to the Court's Protective Order."

On April 9, 2001, plaintiff's counsel took Williams' deposition. She asked whether he

had filled out certain types of documents, such as a job application, medical benefits forms, and a

W-2 form; Williams said yes. None of these documents had been produced to plaintiff. On

cross-examination, Sweetheart's counsel showed Williams documents that appeared to plaintiff's

counsel to be personnel records that had not been produced. She told Sweetheart's counsel that

she had asked for the entire personnel file. He responded:

> It's true that you didn't receive his personnel file. It's on my right leg as I sit here
> at the table, and you're welcome now under these circumstances with these
> questions having been raised to look at the whole thing as far as I'm concerned, as
> long as the witness doesn't have any problem with it.

He then produced the entire personnel file, which included Williams' job application (dated

February 16, 1999), a medical questionnaire completed by Williams on February 25, 1999,

verification that he had received an employee handbook that same date, a W-2 form, and an

---

[2] The responses to Requests 9 and 12 identified various Sweetheart policy documents.

application for benefits.

Plaintiff has moved pursuant to Fed. R. Civ. P. 37(c) for imposition of sanctions, arguing that Sweetheart's counsel were "attempting to conceal damaging evidence" regarding the date of Williams' employment and his eligibility for medical benefits. She seeks a finding of contempt and entry of a default judgment, or alternatively an order preventing Sweetheart from disputing that Williams was hired full time on March 1, 1999.

Neither side has acquitted itself well in this exchange. We start with Sweetheart's counsel. Their response to the document requests was improper. They objected on various grounds but said that despite those objections they would "produce other non-privileged responsive documents." Their production, however, included only some of the responsive documents. They evidently believed that by giving a cleverly-worded response to the request (a response of a type this Court has seen numerous times both in the practice of law and since appointment to the bench), they could pick and choose the documents *they* thought were relevant. As any experienced practitioner well knows, that is not the way the process of discovery is designed to work. As the court stated in *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998), regarding a similarly-worded answer to a document request,

> [t]his type of answer hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. Furthermore, it permits the defendant to be the sole arbiter of that decision. Such an objection is really no objection at all as it does not address why potentially responsive documents are being withheld. The defendant, having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide the question of relevance which is unquestionably the decision of the judge. ... Asserting a relevance objection, then proceeding to agree to produce "relevant, non- privileged" documents "[s]ubject to and without waiving" that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions.

4

Combined with the manner in which Howard's counsel ended up discovering the truth – with defense counsel balancing the file on his knee, presumably below table level where it could not be seen – a reasonable person might conclude that Sweetheart's counsel was trying to keep Howard from obtaining clearly discoverable information.

Sweetheart's counsel responds that a careful reading of their response and letter (stating that "I enclose additional documents from the personnel files") would have clued plaintiff's counsel into the fact that Sweetheart was not producing the entire personnel file. That is perhaps so; the statements of counsel about what they were disclosing were literally true. Counsel's statements were nonetheless misleading. If an attorney wants to withhold documents requested under the discovery rules, he must do so in a straightforward and forthright manner, not by artful phrasing that obscures more than it discloses.

In addition, Sweetheart's objections to Howard's requests were frivolous. Williams' employment by Sweetheart and the circumstances under which he made the transition from temporary to full time employee are among the core issues in this case, as Sweetheart's lead counsel himself stated in a recent court appearance. *See* Plaintiff's Motion, ¶4. Sweetheart's counsel had no proper basis to withhold any of the documents from Williams' personnel file.

That said, the Court is not convinced that Sweetheart's counsel were engaged in a deliberate effort to deceive. Instead, the evidence indicates that counsel misguidedly used self-help, rather than seeking the Court's guidance as they should have, in an effort to narrow the scope of discovery even though Howard had requested, and the discovery rules supported, broader disclosure.

Though defense counsel acted improperly, their conduct was not so severe as to warrant

5

the drastic sanctions that plaintiff seeks. Howard's request for a default judgment is an extravagant over-reaction to what took place. Challenged by Sweetheart in its response to the motion to say how the withheld documents help Howard's case, or how Howard was prejudiced by the non-disclosure, Howard's counsel says only that the issue of prejudice does not matter. The Court disagrees. A sanction must be proportionate to the infraction. *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000); *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). Implicit in the concept of proportionality is an assessment not just of the egregiousness of the offender's conduct but the level of harm it caused. Here plaintiff has identified none, other than the extra time and effort counsel expended as a result of getting the documents in the middle of Williams' deposition, and the work necessary to bring defense counsel's conduct to the Court's attention. The Court concludes that it is appropriate to sanction defense counsel in a manner commensurate with that particular harm, by imposing a monetary sanction as discussed below.

We turn next to Howard's counsel. The hyperbolic tone and tenor of the motion that she filed warrants comment. She accuses defense counsel of being "deceitful, intentionally misleading and obstructive of the discovery process," Motion at 1; engaging in "an apparent attempt to frustrate the course of justice, *id.*; "engag[ing] in a pattern of behavior designed to frustrate and stonewall the discovery process," *id.* at 2; "attempting to conceal damaging evidence and in the process deceiv[ing], misrepresent[ing] and frustrat[ing] the discovery process," *id.* at 5; "attempt[ing] to cover his tracks," *id.*; engaging "in a long pattern of deception, stonewalling and underhandedness," *id.*; "behavior that can only be described as deceitful, underhanded and contemptible," *id.* at 7; and "bad faith and [and] attempt to frustrate discovery,"

6

*id.* at 8. And there are other similar accusations. Though the Court does not wish to discourage attorneys from bringing to our attention behavior that violates the discovery rules, a measured reaction to such conduct always serves one's cause better than one that is, like this one, overly strident. When one files a sanctions motion containing excessive hyperbole, one runs the risk of not being taken seriously– particularly when, as here, the movant can identify no real prejudice to the merits of its case.

For these reasons, the Court denies plaintiff's motion for contempt [Item 15-1], as well as her request for entry of a default judgment and her request for an order precluding Sweetheart from arguing that Williams was hired before March 1, 1999. The Court grants, however, plaintiff's motion for sanctions [Item 15-2]. Defendant's counsel is directed to pay $750 to plaintiff, a sum which the Court finds is the reasonable cost of any extra attorney time occasioned by the improper objections to the discovery requests, the belated disclosure, and the need to bring the matter to the Court's attention. The Court defers for later determination plaintiff's request that she be permitted to introduce before the jury the timing and circumstances of Sweetheart's production of Williams' personnel file.

MATTHEW F. KENNELLY
United States District Court

Date: June 25, 2001

7