
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 648 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Howard vs. Sweetheart Cup Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant Sweetheart's motion for summary judgment (20-1) and plaintiff Howard's motions to strike (33-1, 34-1, 35-1) are granted in part and denied in part as outlined above. The parties are reminded that the final pretrial order in conformity with Local Rule 16.1 and Form LR 16.1.1 is due 10/26/01. Pretrial conference set to 11/8/01 at 4:00 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 4 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | cm docketing deputy initials | 50 |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING 01 SEP 23 AM 10: 18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 2 4 2001

| | |
|---|---|
| JUDITH HOWARD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 00 C 0648 |
| SWEETHEART CUP CO., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Judith Howard worked for 27 years in the warehouse of defendant Sweetheart Cup Co. when, in March 1999, she was terminated on the grounds that her position was eliminated due to the installation of a new automated warehouse management system at Sweetheart's Chicago distribution center. Howard has sued Sweetheart under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, alleging that her termination and Sweetheart's subsequent failure to offer her an alternative clerical position were the result of unlawful age and sex discrimination. This case is before the Court on Sweetheart's motion for summary judgment and Howard's motions to strike affidavits submitted in connection with Sweetheart's motion. For the reasons outlined below, the motion for summary judgment is granted in part and denied in part; the motions to strike are granted in part and denied in part.

## FACTUAL BACKGROUND

Sweetheart Cup Company, a manufacturer of plastic and paper disposable food service items, distributes its products in North American via company-owned distribution centers. From mid-1972 until March 10, 1999, Howard was employed at one of Sweetheart's distribution centers located in Chicago, Illinois (the "Distribution Center"), which receives manufactured products from other locations by rail and truck, and then ships them to Sweetheart's customers. As part of this process, Sweetheart personnel must coordinate incoming and outgoing shipments to assure that Sweetheart's customers receive the appropriate products in a timely fashion. At the time of her termination, Howard (age 57) held a clerical position at the Distribution Center, and her primary functions involved resolving shipping problems for the company.

In early 1999, the Distribution Center implemented a new Warehouse Management System ("WMS"). The WMS permits Sweetheart to create and maintain "real time" data on the inventory housed at the Distribution Center, thereby eliminating the need for clerical employees to manually perform certain inventory functions.

On March 10, 1999, Sweetheart Distribution Center Manager Lino Alcaraz informed Howard that her position was being eliminated due to WMS, and that her duties that were not made obsolete by WMS were being reassigned to other employees. Sweetheart offered Howard what the company claimed were the only open positions (forklift driving jobs), but Howard has a medical condition that precluded her from accepting them. Howard inquired regarding other open positions, but instead was presented with information regarding Sweetheart's severance packages. Howard left her employment with Sweetheart shortly

2

thereafter.

## DISCUSSION

### *Sweetheart's Motion for Summary Judgment*

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts and draw all reasonable and justifiable inferences in favor of Howard, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Although it is not entirely clear from her response to Sweetheart's motion, Howard appears to be complaining about four allegedly discriminatory actions on the part of Sweetheart: (1) the decision to eliminate her position (as opposed to those held by other employees); (2) the failure to follow a particular employment policy with respect to her termination; (3) the failure to offer her an allegedly open clerk's position that was instead given to a substantially younger, male employee; and (4) the failure to provide her a severance package that was as favorable as that provided to a similarly situated male employee. Sweetheart argues that none of Howard's claims has merit. As outlined below, summary judgment is granted as to claims (1), (2), and (4). With respect to her claim regarding the "open" clerical position, Howard has provided enough evidence to require the case to be decided by a jury.

To prove her age and sex discrimination claims, Howard must establish that the adverse employment actions were the result of her employer's intentional age or gender discrimination; she can meet this burden by either providing direct evidence of discrimination or

by proceeding under the indirect burden-shifting method set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Howard provides no direct evidence of discrimination and instead proceeds under the indirect method for each of her claims.

Under the indirect proof method, Howard must first establish a prima facie case of discrimination. To do this, Howard must come forward with evidence from which a jury could conclude that: (1) she belongs to a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) her employer treated similarly situated employees outside her protected class more favorably. *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 398 (7th Cir. 1997); *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 693 (7th Cir. 2000).

If a plaintiff can establish a prima facie case, the burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for its employment decision. *Chiaramonte*, 129 F.3d at 398. If the employer does so, the burden shifts back to the plaintiff to show that the employer's stated reason is just a pretext for discrimination. *Id.* at 398. Though the burden of producing evidence shifts between the employee and the employer, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993) (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

*Sweetheart's Decision to Terminate Howard*

Sweetheart does not dispute that Howard can establish a prima facie case with

4

respect to its decision to eliminate her position.[1] Instead, Sweetheart argues that it has proffered a legitimate non-discriminatory reason for its employment decision – i.e., the implementation of the automated computer warehousing system – and that Howard cannot offer evidence that the reason is a pretext for discrimination.

To show pretext, Howard must present evidence from which we may infer that Sweetheart "did not, at the time of [her] discharge, honestly believe the reason they gave for firing [her]." *Michas*, 209 F.3d at 694-95. Howard takes issue with Sweetheart for not performing a more thorough job analysis "either before or after WMS was implemented, to determine what Ms. Howard's job duties were or how WMS affected her duties." Plaintiff's Memorandum in Opposition to Summary Judgment, p. 5. Howard further argues that it may have been more appropriate for Sweetheart to terminate other employees including, for example, Alex Glowicki, Debbie Jones, and/or Anita Alcarez. *Id..*, p. 8. The law in this Circuit is clear, however, that a court should not "sit as a super personnel department to review an employer's business decisions," and that arguments that an employer "could have dismissed other employees

---

[1] In her Opposition Memorandum, Howard points to alleged inconsistencies regarding the precise number of positions that Sweetheart eliminated due to the implementation of WMS. These "disputed facts" relate to whether the case constitutes an RIF (where an employer eliminates a number of positions from its workforce ) or a so-called "mini-RIF" (where a single employee is discharged and her duties are absorbed by other workers). *See Michas*, 209 F.3d at 693. The distinction between the RIF and the mini-RIF comes into play with respect to the fourth prong of the prima facie case: an RIF requires a showing that similarly situated younger employees were treated more favorably, whereas a mini-RIF requires a showing that the plaintiff's duties were absorbed by employees who were not members of the protected class. *Id.* Here, Sweetheart concedes the prima facie case on Howard's job elimination claim.

and shifted new responsibilities to [the terminated employee] merely challenges [the employer's] business judgment." *Ransom v. CSC Consulting, Inc.*, 217 F.3d 467, 471 (7th Cir. 2000); *Ritter v. Hill 'N Dale Farm, Inc.*, 231 F.3d 1039, 1044 (7th Cir. 2000). Pretext is not shown merely by demonstrating poor business judgment; Howard must provide evidence that Sweetheart "lied about its proffered explanation." *Abioye v. Sundstrand Corp.*, 164 F.3d 364, 368 (7th Cir. 1998). This Howard has failed to do. It is undisputed that in January 1999, Sweetheart introduced a new inventory tracking system at its Chicago distribution center and that the new system eliminated the need for at least some tasks that were previously performed manually. Further, two of the individuals Howard identifies as more appropriate targets for termination were female, and all three were forty or over. Although we may safely conclude that Howard disagrees with the business decisions made by Sweetheart and/or the manner in which they were made, this evidence alone does not clear the pretext hurdle. Sweetheart is entitled to summary judgment on Howard's claim with respect to the elimination of her position.

*Sweetheart's Failure to Apply Its Full Employment Policy*

Howard contends that Sweetheart should have followed its "Full Employment Policy" (as opposed to the "Supplemental Pay Policy" as Sweetheart argues) in dealing with Howard's termination. Under the Full Employment Policy ("FEP"), laid-off employees, in certain circumstances, may (1) displace the least senior employee at the facility; or (2) return to their former department at a later date if, in the following twelve months, an opening becomes available. Sweetheart's Supplemental Pay Policy ("SPP"), in contrast, provides neither "bump" nor "recall" rights. Howard argues that under the FEP, she should have been given the opportunity to "bump" Darryl Williams, a substantially younger male employee and the least

senior employee at the Distribution Center, from the clerical position he assumed on March 1, 1999. Howard further asserts that she should have been given the right to later return to Sweetheart to assume a different clerical position that was created after her termination.

Sweetheart argues that Howard cannot establish the fourth prong of the prima facie case with respect to her FEP claim. We agree. Although Howard argues vehemently that Sweetheart applied the wrong internal policy to her situation, this alone does not constitute discrimination. Rather, Howard must provide at least some evidence that Sweetheart treated similarly situated younger or male employees more favorably *with respect to the application of the policies*. See, e.g., *Chiaramonte*, 129 F.3d at 398; *Michas*, 209 F.3d at 693. Howard has provided no such evidence, and her claim thus fails.

<u>Sweetheart's Failure to Offer The Clerk Position to Howard</u>

Howard also appears to argue that the clerical position ultimately filled by Williams in March, 1999 was actually "open" at the time Sweetheart decided to terminate her (sometime prior to March 10, 1999) and thus, per its policy, Sweetheart should have offered her the open clerical position as well as forklift jobs. With respect to this claim, Sweetheart again contends that Howard cannot satisfy the fourth prong of her prima facie case: that similarly situated male employees were treated more favorably. *See Mills v. Health Care Service Corporation*, 171 F.3d 450, 454 (7th Cir. 1999). Here, however, Howard clears the prima facie hurdle by providing evidence that Williams, a substantially younger male engaged in clerical duties similar to Howard's, was awarded the new clerical position.

The burden thus shifts to Sweetheart to produce a legitimate non-discriminatory reason for its employment decision. Sweetheart argues that Williams was hired effective March

7

1, 1999 and that it did not make the decision to terminate Howard until shortly before March 10, 1999. Thus, it argues, Williams' position was not an "open" one that could be offered to Howard at the time of her termination, and, in any event, Williams was hired only as a temporary employee. Sweetheart further asserts that it was not required to offer Howard any position that was not within 25% of her salary (which would exclude the Williams position). Because Sweetheart has satisfied its burden, we again move to the question of pretext.

Howard offers at least some evidence from which a reasonable jury could infer that Sweetheart's proffered reasons were untrue. First, with respect to Sweetheart's claim that Williams' position was not "open" at the time of Howard's termination decision, Howard offers evidence that Sweetheart may have made the decision to terminate her before March 1, 1999. Specifically, Sweetheart Human Resources manager, Stephen Nelson, testified that he discussed the elimination of Howard's original position and alternative positions for Howard with Alcaraz perhaps as early as January or February, and at the latest two weeks prior to Howard's termination. (Nelson Dep., p. 20-25; 40). Based on this evidence, a jury could conclude that Sweetheart actually made the decision to terminate Howard prior to the March 10, 1999 date (at a time when Williams' positions was still "open"), but instead chose to wait to deliver the news to Howard until after the date of Williams' hire.

Second, Sweetheart argues that Williams was merely a temporary employee, and that the position he filled would also eventually be eliminated due to WMS (and thus it was not appropriate to offer the position to Howard). In response, Howard offers some evidence that Williams had permanent employee status with Sweetheart beginning March 1, 1999, based both on Williams' testimony and the fact that Williams' permanent employee benefits (which

8

typically take effect 30 days after permanent employment begins) commenced on April 1, 1999. Although Sweetheart contends that it did not impose the full 30-day benefits waiting period for Williams and that Williams instead reached permanent employee status in late March, the credibility of this explanation must be weighed by the jury.

Third, Sweetheart claims that Williams' position, categorized as a Grade 5 job, was not within 25% of Howard's current Grade 9 pay rate, and thus the position should not have been offered to her on this basis. However, as Sweetheart concedes in its Reply Memorandum (at p. 10), it *did* offer Howard a different Grade 5 job, one which required forklift driving.[2]

A plaintiff facing summary judgment is not required to show "pretext plus" – that is, pretext *in addition to* evidence of a discriminatory motive. *Mills*, 171 F.3d at 458. Rather "for a plaintiff to prevail on a defendant's motion for summary judgment, . . . [she] must only 'produce evidence from which a rational trier of fact could infer that the company lied' about its proffered reasons." *Id.* (citations omitted). The Court finds that Howard has produced enough evidence to at least call into question the credibility of Sweetheart's explanations for not offering Howard the clerical position that it gave to a substantially younger male. As Howard has produced a prima facie case and shown pretext sufficient to survive summary judgment, Sweetheart's motion with respect to this claim is denied.

<u>Sweetheart's Calculation of Severance Pay For Howard</u>

In her Complaint, Howard alleges that she was the victim of sex discrimination also because "similarly situated male employees received more favorable severance packages"

---

[2] Sweetheart argues that the position given to Williams required forklift driving as well. However, both Alcaraz and Williams testified that Williams' duties were clerical.

9

than Howard did upon termination from Sweetheart Cup. (Complaint, ¶ 45). Sweetheart has offered evidence, however, that the male employee at issue was a salaried employee – whereas Howard was an hourly employee – and that severance packages for salaried employees differ from those for hourly employees. Defendant's Memorandum in Support of Summary Judgment, pp. 14-15. Howard provides no evidence to refute Sweetheart Cup's claims and indeed does not even mention her severance package claim in her Memorandum in Opposition to Summary Judgment. Accordingly, Sweetheart is entitled to summary judgment on Howard's claim relating to severance packages.

### *Howard's Motions To Strike Affidavits And Motions For Attorneys Fees*

Also before the Court are Howard's motions to strike the affidavits of Robert Rouse, Lino Alcaraz and Steve Nelson on various grounds. The motion to strike the affidavit of Rouse on the grounds that his identity was not properly disclosed is denied as contrary to Rule 26(e)(1). Although the Court declines Howard's invitation to strike the remaining affidavits in their entirety, it has disregarded the portions of the affidavits that directly contradict sworn deposition testimony. *See, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000). Howard's motions for attorneys' fees are denied.

## CONCLUSION

Defendant Sweetheart's motion for summary judgment (docket item 20-1) and plaintiff Howard's motions to strike (docket items 33-1, 34-1, 35-1) are granted in part and denied in part as outlined above. The parties are reminded that the final pretrial order in conformity with Local Rule 16.1 and Form LR 16.1.1 is due by October 26, 2001. The case is

set for a final pretrial conference on November 8, 2001 at 4:00 p.m.

Dated: September 20, 2001

_____
MATTHEW F. KENNELLY
United States District Judge